## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RODNEY ALBERT,

                  Petitioner,                      Case Number: 2:08-CV-13419

v.                                        HONORABLE GERALD E. ROSEN

NICK LUDWICK,

                  Respondent.

_____/

### OPINION AND ORDER (1) DENYING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST; (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS, ON THE MERITS, AND DISMISSING CASE, WITH PREJUDICE; AND (3) DENYING CERTIFICATE OF APPEALABILITY

Petitioner Rodney Albert has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, challenges his convictions for two counts of breaking and entering and second-degree home invasion. Respondent has filed a Motion to Dismiss on the ground that the claims are not fully exhausted. For the reasons set forth below, the Court denies Respondent's motion but finds that, on the merits, the petition for a writ of habeas corpus should be denied.

### I. Background

Petitioner pleaded guilty in Jackson County Circuit Court to second-degree home invasion, and two counts of breaking and entering. In exchange for his guilty plea, two additional breaking and entering charges and a possession of cocaine charge were dismissed, and the prosecutor agreed not to seek sentencing as a fourth habitual offender. On March 1, 2007,

Petitioner was sentenced to five to ten years' imprisonment for each of the breaking and entering convictions, and ten to fifteen years' imprisonment for the home invasion conviction, all to be served concurrently.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I.     Mr. Albert must be resentenced where (1) his guidelines were scored incorrectly and he was sentenced based on inaccurate information; and where (2) the trial court sentenced him to an upward departure citing reasons that were not substantial and compelling and were based on offense and offender characteristics already taken into account in determining the appropriate sentencing guidelines range.
>
> II.    Mr. Albert received ineffective assistance of counsel where his trial attorney failed to raise or object to, *inter alia*, these sentencing errors.

The Michigan Court of Appeals denied leave to appeal.  *People v. Albert*, No. 281538 (Mich. Ct. App. Dec. 6, 2007).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, raising the same claims presented to the Michigan Court of Appeals.  The Michigan Supreme denied leave to appeal.  *People v. Albert*, No. 135684 (Mich. Apr. 28, 2008).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the same claims raised on direct review in state court.

## II.  Motion to Dismiss

Respondent argues that the petition should be dismissed because Petitioner has failed to exhaust his state court remedies with respect to his first claim for habeas relief, which presents sentencing-related claims.

A prisoner challenging his confinement by way of a habeas corpus petition must exhaust

2

his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court.  28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief.  *See Regan v. Hoffner*, 209 F.Supp.2d 703, 710, n. 3 (E.D.Mich.2002) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47, (1999)).  "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations."  *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987).  However, a federal court may deny a habeas petition on the merits despite a petitioner's failure to exhaust state remedies for all his claims.  28 U.S.C. § 2254(b)(2); *see also Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991), *cert. denied*, 503 U.S. 922 (1992) (holding that the doctrine of exhaustion raises only federal-state comity concerns and is not a jurisdictional limitation of the power of the court).

Respondent argues that Petitioner's first habeas claim is unexhausted because it was not fairly presented as a federal constitutional claim in state court.  A prisoner fairly presents his claim to the state courts by:

(1) reliance upon federal cases employing constitutional analysis;

(2) reliance upon state cases employing federal constitutional analysis;

(3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or

(4) alleging facts well within the mainstream of constitutional law.

*McMeans v. Brigano*, 228 F.3d at 674, 681 (6th Cir. 2000).

"General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly

3

present' claims that specific constitutional rights were violated." *Id.*

Respondent is correct that Petitioner framed his first habeas claim fundamentally as a state law issue in his submissions to the Michigan Court of Appeals and Michigan Supreme Court. The nature of Petitioner's claims, however, necessitated that Petitioner's arguments be framed primarily in state law terms. With the exception of the claim that Petitioner was sentenced on the basis of inaccurate information, the remaining sentencing claims do not present federal constitutional issues. In light of the limited constitutional issues presented by Petitioner's sentencing-related claims, the Court concludes that Petitioner's arguments to the state courts in support of his sentencing claims were sufficient to exhaust the constitutional claim presented in his habeas corpus petition.

### III. Standard of Review

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

Where a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an independent review of the state court's decision. *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." Id. at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

### IV.  Discussion

### A.  Sentencing Claims

In his first habeas claim, Petitioner argues several errors in sentencing. He claims that his guidelines were scored incorrectly and that he was sentenced on the basis of inaccurate information. Petitioner also argues that the trial court departed upward from the sentencing

guidelines without substantial and compelling reasons.

Petitioner argues that the sentencing court scored several offense variables incorrectly. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). Therefore, Petitioner's claim that certain offense variables were incorrectly scored is not cognizable on habeas corpus review.

Next, Petitioner claims that his sentence was based upon inaccurate information because, in calculating the guidelines, the trial court assessed the value of the items stolen at between $200 and $1000. A sentence violates due process when "it was carelessly or deliberately pronounced on an extensive and materially false foundation which the prisoner had no opportunity to correct." *Draughn v. Jabe*, 803 F. Supp. 70, 80 (E.D. Mich. 1992), *aff'd*, 989 F.2d 499 (6th Cir. 1993), *citing Townsend v. Burke*, 334 U.S. 736, 741 (1948). A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988). The record shows that Petitioner admitted to taking the following items: copper piping, tools, and chairs. While Petitioner

6

disagrees with the state court's calculation of the value of these items, he has not shown that the calculation was incorrect.

Finally, Petitioner argues that the trial court departed from the sentencing guidelines without substantial and compelling reasons for doing so.  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  Whether a sentencing court had substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law.  *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (holding that a state court's application of sentencing guidelines is a matter of state concern only); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); Robinson v. Stegall, 157 F. Supp. 2d 802, 823 (E.D. Mich.2001); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999).  Thus, this claim is not cognizable on federal habeas review.

### B.  Ineffective Assistance of Counsel

Petitioner claims that his trial counsel was ineffective in failing to object to the scoring of offense variables (OV) 12 and 16, and in failing to object to the allegedly inaccurate information relied upon by the sentencing court.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.* at 687.  Second, a petitioner must show that counsel's deficient performance prejudiced petitioner.  To satisfy the prejudice prong, a petitioner must

7

show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689.

The Court need not address the performance component of the ineffective assistance of counsel claim first. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). Instead, [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . , that course should be followed." *Strickland*, 466 U.S. at 697. The Court concludes that it is easier to dispose of Petitioner's ineffectiveness claim on the ground of the lack of sufficient prejudice and shall, therefore, address that prong.

"Where ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir .2007) (*citing Glover v. United States*, 531 U.S. 198, 200 (2001)). In this case, even assuming that the two offense variables were incorrectly scored, Petitioner has not shown that his offense variable level would have changed or, consequently, that his guidelines range would have changed. In addition, given that the sentencing court sentenced above the guidelines, the evidence does not support a finding that erroneous sentence scoring error actually prejudiced Petitioner by increasing the sentence he received. *See Christian v. Trombley*, No. 2:07-cv-10894, 2008 WL 5111893, at *5 (E.D. Mich. Dec.2, 2008) (rejecting ineffective assistance of counsel claim for failure to object to guideline score because the petitioner did not allege facts that demonstrated that a change in the scoring of an offense variable would have affected his sentence).

8

In addition, as discussed above, Petitioner has not shown that he was sentenced on the basis of inaccurate information. Therefore, counsel was not ineffective in failing to raise an objection not supported by the record. *See Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006) (holding that counsel cannot be deemed ineffective for failing to raise a meritless objection).

## V. Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901 (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be warranted. Therefore,

the Court denies a certificate of appealability.

## VI.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion to Dismiss is

**DENIED**.

It is **FURTHER ORDERED** that the petition for a writ of habeas corpus and a

certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 6, 2009


**CERTIFICATE OF SERVICE**

I hereby certify that on ___July 6, 2009____, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____Jerrold E. Schrotenboer_____

_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Rodney Albert, #255109, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, Michigan 48880_____.

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(313) 234-5137